UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT JOSEPH MCCARTY.,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,

    Defendants.

Case No.: 2:18-cv-00732-RFB-NJK
**Order**

[Docket Nos. 41, 44]

Pending before the Court is Defendant's motion for sanctions. Docket No. 41. The Court has considered Defendant's motion, Plaintiff's response and Defendant's reply. Docket Nos. 41, 43, 45. Also pending before the Court is Plaintiff's cross-motion for sanctions. Docket No. 44. The Court has considered Plaintiff's cross-motion, Defendant's response, and Plaintiff's reply. Docket Nos. 44, 46, 47. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-2. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Defendant's motion for sanctions, Docket No. 41, and **DENIES** Plaintiff's cross-motion for sanctions, Docket No. 44.

**I.     BACKGROUND**

Plaintiff, appearing *pro se* in this matter, brings numerous claims related to Defendant U.S. Bank's alleged refusal to allow him to use its restroom on April 3, 2018. Docket No. 1 at 2. Plaintiff alleges that Defendant unlawfully discriminated against him based on color, gender, age, and military status. *Id.* at 6-10. Plaintiff also alleges malicious, willful and wanton sexual abuse

1

of a senior citizen, intentional infliction of emotional distress, breach of implied duty of good faith and fair dealing, and failure to train and supervise. *Id*.

## II. DISCUSSION

Defendant's motion for sanctions contends that Plaintiff willfully failed to appear at his October 17, 2018, deposition. Docket No. 41 at 3. Defendant asks the Court to sanction Plaintiff under Federal Rule of Civil Procedure 37(b). Docket No. 41 at 5. Courts may impose sanctions for the failure of a party to appear for his deposition. Fed. R. Civ. P. 37(d)(1)(A)(I). Sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)-(vi), which include case-dispositive sanctions. Fed. R. Civ. P. 37(d)(3).

Defendant contends that Plaintiff willfully failed to appear at his deposition, despite agreeing to the time and location. Docket No. 43 at 4. Defendant submits that no legal authority exists to support Plaintiff's demand for a subpoena and for witness fees and mileage for his appearance at his deposition. *Id.* Defendant also submits that Plaintiff has continually demonstrated a deliberate pattern of non-compliance during discovery, specifically with respect to his written discovery. *Id*.

As a threshold matter, Plaintiff's response in opposition is entirely devoid of points and authorities which, under the Court's local rules, constitutes a consent to the granting of the motion. Local Rule 7-2. Nonetheless, the Court addresses Plaintiff's response on its merits.

Plaintiff's response submits that he has not engaged in any behavior that constitutes intentional misconduct but, instead, that he acted according to his financial standing and health condition. Docket No. 43 at 2. Plaintiff contends that he should not be compelled to attend a deposition for four reasons—first, Defendant made no good faith effort to confer before filing the motion; second, Defendant was informed four days before the deposition that Plaintiff would not attend if certain conditions were not met; third, Defendant did not previously allege that Plaintiff had not provided satisfactory answers to written discovery; and fourth, Defendant had multiple opportunities to depose Plaintiff either at the hospital or in a rehabilitation center. *Id*. at 4.

In reply, Defendant submits that Plaintiff fails to provide legal authority for his demand for mileage or transportation. Docket No. 45 at 5. Defendant also submits that Plaintiff's unnecessary

tactics and discovery violations indicate bad faith and, therefore, case dispositive sanctions are appropriate. *Id.* at 5-6.

    *i.*       *Deposition Notice*

A party may depose a person by serving "reasonable written notice." Fed. R. Civ. P. 30(b)(1). If the person to be deposed is a party, a simple notice of deposition is sufficient to compel attendance. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir.2010).

Defendant submits it served a notice of deposition for October 17, 2018, to Plaintiff's home. Docket No. 41 at 3. Defendant contents that Plaintiff, despite agreeing to the time and place of the deposition, failed to appear after demanding that Defendant provide a subpoena, witness fees, or mileage. *Id.* Defendant contends that it advised Plaintiff that he is not entitled to demand those items, but that Plaintiff threatened to not appear unless Defendant agreed and, subsequently, when Defendant refused, Plaintiff failed to appear. *Id.*

In response, Plaintiff contends that he should not be compelled to submit to a deposition because he notified Defendant in advance that if it did not provide transportation and fees, he would not appear. Docket No. 43 at 3-4. Plaintiff also contends that Defendant was provided multiple opportunities to depose him either in the hospital or in a rehabilitation facility. *Id*. at 4.

Plaintiff clearly had notice, and initially agreed to the date and time, of the deposition; however, he failed to appear. Plaintiff may not shift his burden to appear by suggesting that Defendant had other opportunities to depose him. Further, Plaintiff's demand for expenses and a subpoena is unfounded. Parties are not entitled to a subpoena, witness fees or mileage. A party claiming that discovery imposes an undue burden must "allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D.Nev.1997). Conclusory or speculative statements of inconvenience or expense are plainly insufficient. *See U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D.Nev.2006). Finally, a motion for *sanctions* arising out of a discovery dispute is not generally considered a "discovery motion" for purposes of Local Rule 26-7 and, therefore, does not have a meet-and confer requirement. *See, e.g., Nationstar Mortgage,*

*LLC v. Flamingo Trails No. 7 Landscape Maintenance Association*, 316 F.R.D. 327, 336 (D.Nev. 2016).

    *ii.       Appropriate Sanctions*

The district court has great latitude in imposing sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir. 1985). Federal Rule of Civil Procedure 37(b) provides the court with a wide range of sanctions for a party's failure to cooperate in discovery. "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988). Rule 37 authorizes dismissal of a complaint, entry of default judgment, and awards of fees and costs as discovery sanctions. However, striking a party's pleadings is a harsh penalty and "should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles,* 782 F.2d 829, 831 (9th Cir.1986).

Due process requires that the sanctions for discovery abuses be just and that the sanctions relate to the claims which were at issue in the relevant discovery order at issue. *Kyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 591 (9th Cir. 1983). In deciding whether to grant a motion for terminating sanctions under Rule 37(b)(2)(A), the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 162, 1169 (9th Cir. 2012).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of case-dispositive sanctions. The fourth factor, the public policy favoring disposition of cases on their merits, weighs against case-dispositive sanctions.

However, in this analysis, the key factors are prejudice and the availability of lesser sanctions. *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 948 (9th Cir. 1995), *citing Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990). Defendant has clearly been prejudiced by Plaintiff's

4

failure to appear for his deposition as Defendant was unable to complete discovery. Docket No. 41 at 7.

Finally, the Court must consider the availability of less drastic sanctions before imposing case-dispositive sanctions. The Ninth Circuit looks to (1) whether the Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *See, e.g., Hester,* 687 F.3d at 1170. The Court may consider all of the offending party's discovery conduct when making its determination of the appropriate sanction. *Henry*, 983 F.2d at 947. However, for case-dispositive sanctions to be appropriate, the disobedient party's conduct must be due to willfulness, fault, or bad faith. *Id.* at 946–47.

Defendant contends that case-dispositive sanctions are appropriate because Plaintiff has demonstrated a pattern of willful non-compliance during written discovery. Docket No. 41 at Docket No. 45 at 5. Plaintiff submits that Defendant never raised any issues with respect to his written submissions until it filed the instant motion. Docket No. 43 at 4.

Dismissal is a harsh penalty and "should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles,* 782 F.2d 829, 831 (9th Cir.1986). At this juncture and in light of the fact Plaintiff is appearing *pro se*, the Court finds that imposing case-dispositive sanctions would be an extreme and harsh remedy. Plaintiff's failure to appear can be remedied by a significantly less drastic sanction, a court order compelling his appearance at his deposition. Accordingly, Defendant's motion for sanctions, Docket No. 41, is **GRANTED** in part and **DENIED** in part.

       *iii.    Plaintiff's Cross-Motion for Sanctions*

Plaintiff contends, in his cross-motion for sanctions, that Defendant's counsel made material misrepresentations regarding the written discovery provided. Docket No. 43 at 5. Plaintiff submits that Defendant's counsel has acted frivolously and maliciously, and not in good faith regarding the litigation. *Id*. at 6. Plaintiff submits that Defendant has needlessly extended this litigation and refused to engage in settlement discussions. *Id*. at 6, 13. Plaintiff asks the Court to sanction Defendant's attorneys in response to their alleged deceit. *Id*. at 14.

In response, Defendant contends that Plaintiff failed to provide any evidence of Defendant's counsel's bath faith, unreasonableness or vexatiousness. Docket No. 45 at 4. Defendant contends that Plaintiff's cross-motion is a frivolous pleading which fails to identify any alleged malicious actions. *Id*. Defendant also contends that Plaintiff's filings display a pattern of unnecessary tactics pursued in bad faith. *Id.*

In reply, Plaintiff contends that Defendant's attorneys made material misrepresentations to the Court. Docket No. 47 at 5-8. Plaintiff asks the Court to hold Defendant's attorneys accountable for their perjured defense and strategic lawsuits against public participation (SLAPP) tactics. *Id*. at 9.

Plaintiff fails to provide any legal authority in his cross-motion for sanctions. Further, Plaintiff fails to provide any factual basis for sanctions against Defendant's counsel. Finally, Defendant has made its desire to not engage in settlement discussions clear and the Court has noted that opposition in denying Plaintiff's motion for a settlement conference. Docket No. 37. Therefore, Plaintiff's cross-motion for sanctions, Docket No. 44, is **DENIED.**

### III. Conclusion

Accordingly, as outlined in the provisions above, Defendant's motion for sanctions, Docket No. 41, is **GRANTED** in part and **DENIED** in part. Plaintiff's cross-motion for sanctions, Docket No. 44, is **DENIED**. Defendant may depose Plaintiff no later than January 31, 2019. The parties must meet and confer, no later than January 3, 2019, to determine a mutually convenient date, time, and place for plaintiff's deposition, and Plaintiff must appear for his deposition.

IT IS SO ORDERED.

Dated: December 20, 2018.

_____
Nancy J. Koppe
United States Magistrate Judge