UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT JOSEPH MCCARTY, | Case No. 2:18-cv-00732-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| US BANCORP, *et al.*, | |
| Defendants. | |

**I.   INTRODUCTION**

Before the Court are Defendants' Motion to Dismiss (ECF No. 7), Plaintiff's Motion for Sanctions and Damages (ECF No. 12), Plaintiff's Motion for Compensation and Deterrence Damages (ECF No. 15), and Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 29). For the reasons below, the Court grants Defendants' Motion to Dismiss for lack of subject matter jurisdiction and dismisses Plaintiff's pending motions.

**II.   FACTUAL BACKGROUND**

The Court summarizes the facts alleged in Plaintiff's Amended Complaint. ECF No. 1.

Plaintiff holds an account with US Bank and utilizes the bank located at 4928 Obannon Drive in Las Vegas. Plaintiff has previously used the restroom at this location by obtaining a key code from a US Bank employee who personally keyed open the door and waited while Plaintiff used the restroom.

On or about April 3, 2018, Plaintiff and his fiancée arrived at this US Bank location. While waiting in line, Plaintiff needed to use the restroom on an emergency basis. After Plaintiff and his

fiancée conducted their financial business with the teller, Plaintiff informed the teller that he needed to use the restroom and that it was an emergency due to his age and handicap status.

The teller responded that he had to ask someone else. The branch manager then informed Plaintiff that the restrooms were under construction and could not be used. Plaintiff and his fiancée both responded that they had used these restrooms before. Plaintiff, in excruciating pain, repeated that it was an emergency. The branch manager directed them to use the portable toilet outside provided for the construction crew or to go to the bakery.

Plaintiff and fiancée left the bank. Plaintiff could see a construction crew member entering the portable toilet but could not see the bakery. Plaintiff ordered a Lyft, which took Plaintiff to the Arizona Charlies Hotel Casino. Plaintiff rushed to the men's room, but he was unable to completely enter the toilet stall before defecating just as he was sitting down on the toilet seat. Plaintiff was humiliated and was forced to clean himself and discard his briefs and socks. Plaintiff was again humiliated when he had to call the bank's corporate office and explain the incident to management.

Plaintiff is a 71-year-old white male and a Nevada Handicapped Certificate Holder. His fiancée is an Asian woman four years younger than Plaintiff. Plaintiff alleges that the branch manager's actions were motivated by animus based on his status as: a senior citizen, a disabled person, a veteran, a white person, and a male. He also alleges animus based on his partner's status as: a younger individual, an Asian person, and a female. Plaintiff seeks compensatory and punitive damages in the amount of $300,000.

### III. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on April 23, 2018. ECF No. 1. Defendants filed the instant Motion to Dismiss on May 21, 2018. ECF No. 7. Plaintiff filed the instant Motion for Sanctions and Damages and Motion for Compensation and Deterrence Damages on June 27, 2018. ECF Nos. 12, 15.

/ / /

/ / /

The Court entered a scheduling order on July 17, 2018. ECF No. 26. On July 19, 2018, Plaintiff filed the instant Motion for Leave to File First Amended Complaint. ECF No. 29. Discovery has not yet concluded in this case. ECF No. 56.

### IV. LEGAL STANDARD

#### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th Cir. 2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984–85.

#### b. Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings with leave of court. In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997).

### V. DISCUSSION

For this Court to have subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332, the parties must be diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). When the plaintiff originally files in federal court, the Court determines the

amount in controversy from the face of the complaint, which controls so long as the claim is made in good faith. Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000). However, the Court must dismiss the action for lack of jurisdiction if, "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (quoting Crum, 231 F.3d at 1131).

The Court finds to a legal certainty that Plaintiff's claim cannot involve the amount necessary to confer jurisdiction. Plaintiff alleges that because the branch manager denied him use of the bank's restroom during construction and because the portable toilet outside was occupied, he defecated himself. The alleged result of this incident is embarrassment and ruined clothes. While Plaintiff alleges discriminatory intent, the "complaint does not contain any factual allegation sufficient to plausibly suggest [Defendants'] discriminatory state of mind." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). Accepting all facts alleged in Plaintiff's complaint as true and construing them in the light most favorable to Plaintiff, the Court finds that it is obvious upon the face of the complaint that Plaintiff cannot prove damages exceeding $75,000 in this case.

The Court has reviewed Plaintiff's proposed amended complaint, ECF No. 29-1, which adds two defendants and pleads some additional facts. In his proposed amended complaint, Plaintiff alleges that he had a former relationship with Jackie Jamerson, the branch manager who denied his restroom use. He alleges that he came to know Jamerson through the notary process and had lengthy discussions with her regarding likes, dislikes, movies, and dinner. He alleges that Jamerson's conversations with him changed from professionally friendly to inappropriately familiar, calling Plaintiff "Honey" and "Sweetie" and telling him to "call anytime." Plaintiff did not further pursue any non-business relationship. He alleges that Jamerson may have felt herself to be a "woman scorned" and therefore denied Plaintiff use of the restroom in front of his fiancée as revenge.

/ / /

The Court finds that this proposed amendment would be futile. It does not resolve the jurisdictional problem, as it remains apparent on the face of the amended complaint that Plaintiff cannot prove damages exceeding $75,000. Moreover, the additional alleged factual background regarding Jamerson's state of mind at the time of the incident does not plausibly suggest a discriminatory state of mind on the basis of race, sex, disability, or any other protected class.

Because the Court does not and can not grant relief in this case, Plaintiff's two pending motions seeking damages are denied.

**VI.  CONCLUSION**

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 7) is GRANTED, Plaintiff's Motion for Sanctions and Damages (ECF No. 12) is DENIED, Plaintiff's Motion for Compensation and Deterrence Damages (ECF No. 15) is DENIED, and Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 29) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

DATED: March 11, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**